aw Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
ll other Law Division Initial Case Management Dates will be heard via Zoom
or more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
ourt Date: 9/4/2024 9:30 AM
FILED
7/3/2024 2:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L007419
Calendar, R
28378114

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| RODGER HANLON, | ) | |
| Plaintiff, | ) No. | 2024L007419 |
| vs. | ) | |
| | ) | Amount: In Excess of FIFTY THOUSAND ($50,000) DOLLARS, Plus cost of Suit. |
| MARRIOTT INTERNATIONAL, INC., a foreign corporation, SODEXO, INC., d/b/a, MARRIOT HOTELS, INC., | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, RODGER HANLON by and through his attorneys, D & W Law Group, complaining of defendants, MARRIOTT INTERNATIONAL, INC., (hereinafter, "MI") and SODEXO, INC., d/b/a, MARRIOTT HOTELS, INC., (hereinafter, "SI"), and states as follows:

**COUNT I – RODGER HANLON vs. MARRIOTT INTERNATIONAL, INC.**
***(Negligence-Premises Liability)***

1. That on May 9, 2024, and at all relevant times herein, defendant, MI, did operate, maintain, manage and control a certain property, located at or near 540 N. Michigan Avenue, in the City of Chicago, Cook County, Illinois, (hereinafter "Premises").

2. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to Plaintiff and said property was, in fact, used by Plaintiff.

3. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, RODGER HANLON, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

4. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

* 5 0 4 4 5 1 3 3 *

5. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

6. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, MI, to wit: allowed a defective condition in a handicap door/sensor, to exist for an unreasonable period of time, which failed to properly open when prompted, resulting in plaintiff falling and suffering severe injury

7. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

8. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

9. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, owed a duty to the Plaintiff, RODGER HANLON, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

* 5 0 4 4 5 1 3 3 *

12. That at the aforesaid time and place, the Defendant, MI, breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) failed to properly maintain handicap door/sensor, resulting in said door/sensor to fail when plaintiff attempted to use it;

(b) directed plaintiff to use the handicap door despite knowledge of the defective door/sensor

(c) failed to warn plaintiff regarding the defective handicap door/sensor;

(d) allowed said defective handicap door/sensor to remain in place for an unreasonable period of time, resulting in severe injury to plaintiff; and

(e) failed to timely repair said defective handicap door/sensor.

13. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, MI, Plaintiff, RODGER HANLON, suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, Plaintiff RODGER HANLON, demands judgment against Defendant, MI, for an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the cost of this suit.

**COUNT II – RODGER HANLON vs. SODEXO, INC., d/b/a MARRIOTT HOTELS, INC.**
***(Negligence-Premises Liability)***

1. That on May 9, 2024, and at all relevant times herein, defendant, SI, did operate, maintain, manage and control a certain property, located at or near 540 N. Michigan Avenue, in the City of Chicago, Cook County, Illinois, (hereinafter "Premises").

2. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to Plaintiff and said property was, in fact, used by Plaintiff.

3. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, RODGER HANLON, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

4. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

5. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

6. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, SI, to wit: allowed a defective condition in a handicap door/sensor, to exist for an unreasonable period of time, which failed to properly open when prompted, resulting in plaintiff falling and suffering severe injury

7. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

8. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

9. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, owed a duty to the Plaintiff, RODGER HANLON, to refrain from negligent conduct which would

endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, the Defendant, SI, breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) failed to properly maintain handicap door/sensor, resulting in said door/sensor to fail when plaintiff attempted to use it;

(b) directed plaintiff to use the handicap door despite knowledge of the defective door/sensor

(c) failed to warn plaintiff regarding the defective handicap door/sensor;

(d) allowed said defective handicap door/sensor to remain in place for an unreasonable period of time, resulting in severe injury to plaintiff; and

(e) failed to timely repair said defective handicap door/sensor.

13. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, SI, Plaintiff, RODGER HANLON, suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, Plaintiff RODGER HANLON, demands judgment against Defendant, SI, for an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the cost of this suit.

**COUNT III – RODGER HANLON vs. MARRIOTT INTERNATIONAL, INC.**
***(General Negligence)***

1. That on May 9, 2024, and at all relevant times herein, defendant, MI, did operate, maintain, manage and control a certain property, located at or near 540 N. Michigan Avenue, in the City of Chicago, Cook County, Illinois.

2. That on or about aforesaid date, time and place, Plaintiff, RODGER HANLON, was a guest at defendant's location/hotel and required usage of the handicap door for ingress/egress from the premises.

3. That on or about aforesaid date, place and time, defendant maintained a certain handicap door which allowed for ingress/egress into its place of business for patrons who had conditions requiring usage of said door.

4. That on or about aforesaid date, place and time, Plaintiff RODGER HANLON was directed by this defendant's actual/apparent/ostensible agents, to utilize said handicap door in order to exit the premises.

5. That just prior to Plaintiff utilizing said handicap door to exit the premises, he pushed the sensor to operate the door, which failed to properly open, requiring him to push the release bar on said door.

6. That when plaintiff pushed the release bar on said door, the sensor thereafter gave way, resulting in Plaintiff's inertia causing him to fall to the ground and suffer severe injury.

7. That defendant owed a duty of reasonable/ordinary care to Plaintiff and their patrons in general, to properly maintain/repair said handicap door/sensor.

8. That defendant, by and through its actual/apparent/ostensible agents, breached its duty of care to plaintiff, in one of the below manners;

(a) failed to timely repair said handicap door/sensor, resulting in plaintiff falling and severely injuring himself upon usage of the same;

(b) failed to properly repair said handicap door/sensor, resulting in plaintiff falling and severely injuring himself upon usage of the same;

(c) improperly instructed Plaintiff to utilize the handicap door/sensor, despite knowledge of said door/sensor remaining in a state of disrepair;

(d) failed to provide alternative manner of ingress/egress to Plaintiff in order for him to safely enter/exit the premises

9. That as a direct and/or proximate cause of defendant's negligence/negligence of defendant's actual/apparent/ostensible agents, Plaintiff was caused to suffer severe persona, pecuniary and permanent injuries.

WHEREFORE, Plaintiff, RODGER HANLON, request judgment in his favor, against defendant, MI, in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, Plus Cost of this suit.

**COUNT IV – RODGER HANLON vs. SODEXO, INC.**
**(*General Negligence*)**

1. That on May 9, 2024, and at all relevant times herein, defendant, SI, did operate, maintain, manage and control a certain property, located at or near 540 N. Michigan Avenue, in the City of Chicago, Cook County, Illinois.

2. That on or about aforesaid date, time and place, Plaintiff, RODGER HANLON, was a guest at defendant's location/hotel and required usage of the handicap door for ingress/egress from the premises.

3. That on or about aforesaid date, place and time, defendant maintained a certain handicap door which allowed for ingress/egress into its place of business for patrons who had conditions requiring usage of said door.

4. That on or about aforesaid date, place and time, Plaintiff RODGER HANLON was directed by this defendant's actual/apparent/ostensible agents, to utilize said handicap door in order to exit the premises.

5. That just prior to Plaintiff utilizing said handicap door to exit the premises, he pushed the sensor to operate the door, which failed to properly open, requiring him to push the release bar on said door.

6. That when plaintiff pushed the release bar on said door, the sensor thereafter gave way, resulting in Plaintiff's inertia causing him to fall to the ground and suffer severe injury.

* 5 0 4 4 5 1 3 3 *

7. That defendant owed a duty of reasonable/ordinary care to Plaintiff and their patrons in general, to properly maintain/repair said handicap door/sensor.

8. That defendant, by and through its actual/apparent/ostensible agents, breached its duty of care to plaintiff, in one of the below manners;

(a) failed to timely repair said handicap door/sensor, resulting in plaintiff falling and severely injuring himself upon usage of the same;

(b) failed to properly repair said handicap door/sensor, resulting in plaintiff falling and severely injuring himself upon usage of the same;

(c) improperly instructed Plaintiff to utilize the handicap door/sensor, despite knowledge of said door/sensor remaining in a state of disrepair;

(d) failed to provide alternative manner of ingress/egress to Plaintiff in order for him to safely enter/exit the premises

9. That as a direct and/or proximate cause of defendant's negligence/negligence of defendant's actual/apparent/ostensible agents, Plaintiff was caused to suffer severe persona, pecuniary and permanent injuries.

WHEREFORE, Plaintiff, RODGER HANLON, request judgment in his favor, against defendant, SI, in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, Plus Cost of this suit.

/s/ Patrick M. Crowley

**D & W Law Group**
641 W. Lake Street, Suite 400
Chicago, Illinois 60661
(312) 258 1800
pat@dandwlawgroup.com
cathy@dandwlawgroup.com

* 5 0 4 4 5 1 3 3 *

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| RODGER HANLON, | ) | |
| | ) | |
| Plaintiff, | ) No. | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | Amount: In Excess of FIFTY THOUSAND |
| | ) | ($50,000) DOLLARS, Plus cost of Suit. |
| MARRIOTT INTERNATIONAL, INC., | ) | |
| a foreign corporation, SODEXO, INC., | ) | |
| d/b/a, MARRIOT HOTELS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (B)

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named Plaintiff certifies that Plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000).

/s/ *Patrick M. Crowley*

**D & W LAW GROUP #28765**
Patrick M. Crowley
641 W. Lake Street, Suite 400
Chicago, Illinois 60661
(312) 258 1800
pat@dandwlawgroup.com